**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: QUALITY STORES, INC., *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors | ) | Case No. 02 B 12059 |
| | ) | (Jointly Administered) |
| _____ | ) | |
| QSI HOLDINGS, INC., *et al.*, | ) | Judge James D. Gregg |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Adversary Proceeding No. 03-88076 |
| v. | ) | |
| | ) | District Court Case No. _____ |
| DAVID C. BLISS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**Motion for Leave to Appeal from the Bankruptcy Court's Opinion
Regarding Defendants' Motion to Dismiss Plaintiffs' Amended Complaint**

Pursuant to 28 U.S.C. § 158(a)(3) and Bankruptcy Rule 8003, Defendants[1] respectfully request the District Court to enter an order granting Defendants leave to appeal from the Bankruptcy Court's Opinion Regarding Defendants' Motion to Dismiss Plaintiffs' Amended Complaint dated January 11, 2006 (the "January 11 Opinion," attached hereto as Exhibit 1.)

**I. Statement of the Question to Be Presented by the Appeal and of the Relief Sought**

---

[1] This motion is filed on behalf of all Defendants except Thomas J. Reinebach, who is no longer represented by undersigned counsel, and is proceeding *pro se*. For ease of reference, when used herein, "Defendants" shall mean all Defendants except Mr. Reinebach.

1

In its January 11, 2006 Opinion, the Bankruptcy Court denied Defendants' Motion to Dismiss. The Bankruptcy Court did so based on its conclusion that, in considering complaints accusing officers or directors of breaches of fiduciary duty under Delaware law, federal courts are required to apply the notice pleading standard of Federal Rule of Civil Procedure 8, rather than Delaware's more stringent pleading standard for overcoming the Delaware Business Judgment Rule's presumptions of good faith and loyalty.

If permitted, Defendants will appeal on the ground that the pleading requirements employed by the Delaware courts in applying the Business Judgment Rule are substantive tenets of Delaware corporate law. Accordingly, the Bankruptcy Court should have dismissed the Amended Complaint, just as a Delaware court would have done. In the alternative, the Defendants will request that the District Court, pursuant to Delaware Supreme Court Rule 41, certify the following question to the Delaware Supreme Court:

> Is it a requirement of Delaware's substantive law that a plaintiff alleging a breach of fiduciary duty plead specific facts sufficient to overcome the Business Judgment Rule's presumption that the defendant directors and officers acted loyally and with due care?

As discussed more fully below, an affirmative answer by the Delaware Supreme Court would compel reversal of the January 11 Opinion and would result in the termination of this adversary proceeding.

**II. Statement of Facts Necessary to An Understanding of the
Question to Be Presented By the Appeal – The January 11 Opinion**

In this adversary proceeding, Plaintiffs allege that "the Defendant officers and/or directors 'made a series of grossly negligent decisions in acting, and were negligent or grossly negligent in failing to act –

2

all of which caused severe cash flow problems for Quality Stores [*i.e.*, the debtors] and destroyed any chance the Company had of surviving post-merger." (January 11 Opinion at 1, citing Amended Complaint ¶ 3.) Plaintiffs claim that these alleged "bad management decisions may rise to the level of gross negligence." (January 11 Opinion at 2.) In other words, Plaintiffs allege that Defendants breached their fiduciary duty of care with respect to Quality Stores.

On February 14, 2005, Defendants moved to dismiss the Amended Complaint because, *inter alia,* Plaintiffs failed to set forth specific allegations of irrational and reckless decision-making sufficient to overcome the Delaware Business Judgment Rule's presumption that directors and officers acted on an informed basis, in good faith, and in the best interest of the company. (Memorandum in Support of Motion to Dismiss dated February 14, 2005.)[2] Notably, the Bankruptcy Court agreed with Defendants, finding that "under Delaware law, [Plaintiffs'] amended complaint should be dismissed ...." (January 11 Opinion at 4.)

Notwithstanding this determination, the Bankruptcy Court denied Defendants' motion to dismiss based on "the less stringent federal pleading requirements." *(Id.)* The Bankruptcy Court reasoned that "'[w]hen a state procedural rule conflicts with an on-point Federal Rule of Civil Procedure, a federal court should apply the Federal Rule.'" *(Id.*, quoting *IT Group , Inc. v. D'Aniello (In re IT Group,*

---

[2] In response to Defendants' motion to dismiss the original complaint, which listed 42 Defendants, the Bankruptcy Court entered an order permitting Plaintiffs to file an amended complaint. (January 11 Opinion at 2.)

*Inc.),* 2005 WL 3050611, *8 n.10 (D. Del.) (*"IT Group"*), citing, in turn, *Stanziale v. Nachtomi (In re Tower Air, Inc.)*, 416 F.3d 229, 236-37 & n.11 (3rd Cir. 2005) (*"Tower Air"*).)

The Bankruptcy Court's indirect reliance on the Third Circuit's holding in *Tower Air* – for the proposition that the Delaware Business Judgment Rule's pleading requirements are procedural only – is misplaced. As discussed in greater detail below, *Tower Air* is based on a fundamental misconception of controlling Delaware law and is itself in error. Under Delaware law, the Business Judgment Rule's stringent pleading requirements are substantive. *Tower Air* conflicts with the decisions of the Delaware state courts and other federal courts interpreting Delaware law; and, we respectfully submit, *Tower Air* is not in accord with what the Delaware Supreme Court would hold to be the corporate law of Delaware.

### III. Reasons Why An Appeal Should Be Granted

#### A. The Bankruptcy Court Should Have Followed Established Delaware Case Law Rather Than the Third Circuit's Recent – and Incorrect – Opinion in *Tower Air*

##### 1. *The Delaware Business Judgment Rule and its Attendant Pleading Requirements*

Delaware law governs the legal issues to be raised in the appeal. Pursuant to the "internal affairs" doctrine, actions involving internal corporate matters are governed by the law of the state of incorporation. *See*, *e.g.*, *Vantagepoint Venture Partners 1996 v. Examen, Inc.*, 871 A.2d 1108, 1113 (Del. 2005) ("It is now well established that only the law of the state of incorporation governs and determines issues relating to a corporation's internal affairs.") (citing *CTS Corp. v. Dynamics Corp. of Am.*, 481 U.S. 69, 89-93 (1987)). As both Plaintiff entities are Delaware corporations, the internal affairs doctrine dictates the application of Delaware law.

Under Delaware law, "in the absence of facts showing self-dealing or improper motive, a corporate officer or director is not legally responsible to the corporation for losses that may be suffered as a result of a decision that an officer made or that directors authorized in good faith." *Gagliardi v. Tri- Foods International, Inc.*, 683 A.2d 1049, 1051 (Del. Ch. 1996). There can be no claim against officers and directors simply for making poor decisions "no matter how foolish [the decision] may appear in retrospect." *Gagliardi*, 683 A.2d at 1052.

The reason Delaware courts immunize business decisions from second guessing -- even decisions that turn out poorly -- is to encourage entrepreneurial and risk-taking activities, which are essential to the vibrancy of our capitalistic economy. *Gagliardi*, 683 A.2d at 1052. If corporate officers and directors had to personally guaranty the results of their decisions, risk taking would ground to a halt. Secondarily, the Delaware courts have recognized that judges are particularly ill-equipped for the type of managerial role that would be required of them if every business decision was fair game for litigation. *Continuing Creditors Committee of Star Telecomm., Inc. v. Edgecomb*, 2004 WL 2980736 at *7 (D. Del.).

The requirement that a plaintiff seeking to rebut the Business Judgment Rule must allege specific facts is a substantive pleading rule under Delaware law. *In re BHC Communications, Inc. Shareholder Litigation*, 789 A.2d 1, 4 (Del. Ch. 2001) (requirement of fact pleading to overcome the business judgment rule is a "bedrock principle of Delaware corporate law"); *Solomon v. Armstrong*, 747 A.2d 1098, 1111-12 (Del. Ch. 1999) ("[u]nder the business judgment rule, *the burden of pleading* and proof is on the party challenging the decision to allege facts to rebut the presumption ... includ[ing] allegations that the board (in whole or in part) breached one or both of the duties of care and

loyalty...") (emphasis added); *see also Citron v. Fairchild Camera & Instrument Corp.*, 569 A.2d 53, 64 (Del.1989) ("The [business judgment] rule operates as both a procedural guide for litigants and a substantive rule of law."); *McMichael v. U.S. Filter Corp.*, 2001 WL 418981 (C.D. Cal.) (granting motion to dismiss where the complaint did not rebut the Delaware Business Judgment Rule with specific factual allegations).

This strict pleading requirement bolsters the safeguards of the Business Judgment Rule by screening out conclusory assertions of mismanagement that are easy to make -- but if allowed to stand would inflict the burdens of discovery and prolonged legal proceedings on directors and officers in every instance.

     2. *Judge Jordan's Analysis in Footnote Ten of IT Group*

As noted above, the Bankruptcy Court cites to *IT Group* for the proposition that it is federal notice pleading and not the more stringent Delaware pleading standard which governs Defendants' Motion to Dismiss.   However, in *IT Group*, U.S. District Court Judge Jordan only reluctantly followed the *Tower Air* holding on this point.  Although, as a District Court Judge in Delaware, he was compelled to follow Third Circuit precedent, Judge Jordan strongly disagreed with the *Tower Air* holding -- so much so that he included a three-page footnote detailing his understanding of the correct application of the Delaware Business Judgment Rule.  *IT Group*, 2005 WL 3050611 at *8, n.10.

Based on a thorough analysis of Delaware law and the polices underlying the Business Judgment Rule, Judge Jordan concludes that the requirement that there be more than conclusory allegations to support corporate fiduciary duty claims is not "simply a matter of procedure. Rather, the pleading

requirements shape the substance of fiduciary duty claims by enforcing the business judgment rule, which is fundamental to Delaware corporate law." *Id*. Judge Jordan reasoned as follows:

> This rule is a matter of substantive corporate law. *See Citron v. Fairchild Camera & Instrument Corp.*, 569 A.2d 53, 64 (Del.1989) ("The [business judgment] rule operates as both a procedural guide for litigants and a substantive rule of law."). First, it prevents the courts from second-guessing the decisions of directors and officers based on results of those decisions rather than on the care, loyalty, and good faith of the directors making the decision. Thus, the rule keeps courts from "injecting themselves into a management role for which they were neither trained nor competent." *Weiss v. Temporary Inv. Fund*, 692 F.2d 928, 941 (3d Cir.1982). Second, the business judgment rule protects "against a threat of sub-optimal risk acceptance." *Gagliardi*, 683 A.2d at 1052. As a policy matter, directors should not be overly risk averse. "Shareholders' investment interests, across the full range of their diversifiable equity investments, will be maximized if corporate directors and managers honestly assess risk and reward and accept for the corporation the highest risk adjusted returns available that are above the firm's cost of capital." *Id*. Imposing liability for corporate losses on directors and officers will tend to deter them from seeking this optimum level of risk.To implement the business judgment rule, the substance of Delaware corporate law includes a presumption that, absent self-interest or lack of independence, "the directors of a corporation acted on an informed basis, in good faith, and in the honest belief that the action taken was in the best interest of the company." *Aronson v. Lewis*, 473 A.2d 805, 812 (Del.1984). The plaintiff "may prevent the application of the business judgment rule with well-pleaded facts establishing that the directors acted out of self-interest," and "in order to overcome the presumption of the business judgment rule [the plaintiff] must allege with particularity facts which establish that the contested decision was not a product of valid business judgment." *In re General Motors Class E Stock Buyout Sec. Litig.*, 694 F.Supp. 1119, 1132 (D. Del.1988) (citing *Grobow v. Perot*, 539 A.2d 180, 187 (Del.1988); *Aronson*, 473 A.2d at 812); *see also Crescent/Mach I Partners L.P. v. Turner*, 846 A.2d 963, 984 (Del. Ch.2000) ("in order for plaintiffs' duty of care claims to survive a motion to dismiss, they must sufficiently plead facts which if true would take defendants' actions outside the protection afforded by the business judgment rule"); *Ash v. McCall*, No. CIV.A.17132, 2000 WL 1370341, at *10 (Del. Ch. Sept. 15, 2000) ("[T]his Court has stated on several occasions that mere allegations that directors made a poor decision ... [do] not state a cause of action....").
>
> ***
>
> To conclude, the business judgment rule's presumption is a matter of substantive Delaware law.

2005 WL 3050611 at *8-10, n.10.

     3. *Tower Air Is in Error, Is Not Controlling Authority in the Sixth Circuit, and Is at Odds with the Erie Doctrine and Other Federal Authority*

The holding in *Tower Air* is the result of a fundamental misconception of Delaware case law. As Judge Jordan noted, the *Tower Air* court viewed Delaware's requirement that particular facts be plead to overcome the Business Judgment Rule as a peculiarity of Delaware procedural law. *IT Group*, 2005 WL 3050611 at *8, n.10, citing *Tower Air*, 416 F.3d at 236-37 ("Delaware courts consider [Delaware] Chancery Rule 8 specificity requirements as consonant with notice pleading, but such notice pleading bears scant resemblance to the federal species."). But as Judge Jordan also explained, the reason for the distinction noted by the *Tower Air* court is not some procedural variation in applying the "notice" pleading standard.[3] Rather, the Delaware courts deem the stringent pleading requirement to be

---

[3]  Outside of the Business Judgment Rule context, Delaware courts apply Delaware Chancery Rule 8 (which contains a pleading standard identical to Fed. R. Civ. P. 8), in the same fashion as the federal courts: "it is sufficient under the general notice pleading standard found in Chancery Rule 8(a) that the complaint 'contain ... a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Superwire.com, Inc. v. Hampton*, 805 A.2d 904, 912-13 (Del. Ch. 2002) (denying motion to dismiss because complaint sufficiently alleged bare elements of statutory requirement for plaintiffs' claim). Thus, contrary to the *Tower Air* court's assertion, Delaware's requirement that plaintiffs must plead specific facts to overcome the Business Judgment Rule's presumption of good faith and loyalty does not reflect a general reading of Delaware procedural law, but rather a recognition that

an essential part of the Business Judgment Rule under Delaware's *substantive* corporate law. *IT Group*, 2005 WL 3050611 at *8, n.10. Because *Tower Air* mistakenly attributes Delaware's stringent pleading requirement to an idiosyncratic interpretation of notice pleading, the *Tower Air* court incorrectly concluded that federal courts following federal notice pleading standards will reach different results than the Delaware courts in deciding analogous cases.

When a federal court addresses state law claims, and is faced with a conflict between state and federal law, it must apply the substantive law of the appropriate state jurisdiction. *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938). As Judge Jordan noted, the *Tower Air* decision creates an untenable disparity between state and federal courts of the type condemned in *Erie:* "The outcome of an application of Delaware corporate law ought not turn on whether one is appearing in the Delaware Court of Chancery or a federal district court." *IT Group*, 2005 WL 3050611 at *8, n.10. The Bankruptcy Court confirmed that, under Delaware law, the Plaintiffs' amended complaint would be dismissed. The Bankruptcy Court's decision not to enforce the substantive requirements of the Business Judgment Rule was therefore outcome-determinative, which, consistent with Judge Jordan's observations in *IT Group*, runs afoul of the *Erie* doctrine. *Erie* and its progeny mandate the application of Delaware's more stringent pleading standards where, as here, the application of such standards is necessary to enforce the Business Judgment Rule as a matter of Delaware substantive law. *Cf. Miller v. Davis,* 507 F.2d 308, 314 (6th Cir. 1974) ("If the state provision is a procedural rule which is

---

such specific pleading is required to enforce the Business Judgment Rule as a matter of substantive Delaware law.

intimately bound up with the substantive right or obligation being asserted, the federal court must apply it.") (citing *Byrd v. Blue Ridge Rural Elec. Coop., Inc.*, 356 U.S. 525, 538; *Angel v. Bullington*, 330 U.S. 183 (1947)).

Other federal courts have recognized that to effectuate the Business Judgment Rule's substantive protections, a plaintiff must satisfy his burden of alleging "well-pleaded facts" with sufficient factual specificity to overcome the Rule's presumptions. *See, e.g.*, *Official Comm of Bond Holders of Metricom, Inc. v. Derrickson*, 2004 WL 2151336 (N.D. Cal.) (granting a motion to dismiss creditors' duty of loyalty claims where creditors failed to plead specific facts sufficient to overcome the Delaware Business Judgment Rule); *McMichael*, 2001 WL 418981 (C.D. Cal.) (granting motion to dismiss where complaint failed to rebut the Delaware Business Judgment Rule with specific factual allegations); *In re Stoico Restaurant Group, Inc.*, 2001 WL 30651, at *3-4 (D. Kan.) (initially granting motion to dismiss for failure to rebut Delaware's Business Judgment Rule, but then denying renewed motion after the plaintiff amended the complaint to add sufficient facts to show a conflict of interest); *accord In re General Motors Class E Stock Buyout Sec. Litig.*, 694 F. Supp. 1119, 1132 (D. Del. 1988) (dismissing class claim for breach of fiduciary duty for failure to plead facts sufficient to overcome the Business Judgment Rule) (citing *Grobow v. Perot*, 539 A.2d 180, 187 (Del. 1988)); *see also In re RSL Com Primecall, Inc.*, 2003 WL 22989669 (Bankr. S.D.N.Y.) (holding plaintiff failed to allege specific facts to overcome the presumption of the Delaware Business Judgment Rule).

Here, unlike in *IT Group*, the *Tower Air* decision is not controlling authority for the Bankruptcy Court or this Court, and, with all due respect, the Bankruptcy Court should not have followed the incorrect holding of *Tower Air*. Rather, as other federal courts have done, the Bankruptcy Court

should have applied the stringent pleading requirements mandated by the Delaware courts which, as Judge Jordan explains, "shape the substance of fiduciary duty claims by enforcing the business judgment rule, which is fundamental to Delaware corporate law." *IT Group*, 2005 WL 3050611 at *8, n.10.

> **B.** **If the Court Determines That There Is Uncertainty as to Whether the Delaware Business Judgment Rule's Strict Pleading Standard Is a Part of Substantive Delaware Law, Then Certification Is Proper Because There Is an Important and Urgent Reason for the Delaware Supreme Court to Address the Application of the Business Judgment Rule after *Tower Air***

In the alternative, if this Court determines that it is not sufficiently clear whether the Delaware courts uphold the stringent pleading requirements under Delaware's Business Judgment Rule as a matter of Delaware substantive law, then pursuant to Del. Sup. Ct. Rule 41 and Del. Const. Art IV, § 11(a), Defendants petition this Court to certify the following question to the Delaware Supreme Court:

> Is it a requirement of substantive Delaware law that a plaintiff alleging a breach of fiduciary duty plead specific facts sufficient to overcome the Business Judgment Rule's presumption that the defendant directors and officers acted loyally and with due care?

For the reasons set forth below, there are important and urgent reasons requiring the Delaware Supreme Court to resolve this unsettled question of law.

> *1.* *The Delaware Supreme Court has Authorized the U.S. District Courts to Certify Questions of Law Where There is a Dispute as to the Proper Interpretation of Delaware Substantive Law*

Del. Sup. Ct. Rule 41 delineates the parameters for the certification process. Under Rule 41, a District Court[4] may, on motion or *sua sponte*, certify to the Delaware Supreme Court for decision a

---

[4] Del. S. Ct. R. 41 allows the U.S. Supreme Court, the U.S. Courts of Appeal, the U.S. District Courts, and the highest appellate courts of other states to certify questions of Delaware law to the Delaware Supreme Court. U.S. Bankruptcy Courts are not included in this list of permissible certifying courts.

11

question of law arising in any case before it prior to the entry of final judgment if (1) there is an important and urgent reason for an immediate determination of such question by the Delaware Supreme Court and (2) the certifying court has not finally decided the question in the case. Del. Sup. Ct. Rule 41(a)(ii). *See Rales v. Blasband ("Rales II")*, 634 A.2d 927, 930 (Del. 1993) (deciding certified question regarding excuse of demand under Delaware corporate law as requested by the District Court for the District of Delaware).

In deciding whether to accept certification, the Delaware Supreme Court will consider, among other things, whether (1) the question of law is of the first instance in Delaware; (2) the decisions of the trial courts are conflicting upon the question of law; or (3) the question of law relates to the constitutionality, construction or application of a Delaware statute which has not been, but should be, settled by the Delaware Supreme Court. *See* Del. Sup. Ct. Rule at 42(b)(i)-(iii) (noting that these reasons are only illustrative and do not limit the Delaware Supreme Court's discretion in deciding whether to accept certification).

> 2. *The Tower Air Decision Creates an Important and Urgent Need for the Delaware Supreme Court to Resolve Whether the Pleading Requirements For Rebutting the Business Judgment Rule are Part of the Substantive Law of the State of Delaware*

If the Court determines that there is uncertainty as to whether the Delaware Business Judgment Rule's stringent pleading requirements are substantive, this Court should grant certification to address an unresolved question concerning how the federal courts are to interpret and enforce the Business Judgment Rule, a central and fundamental tenet of Delaware corporate law. First, as Judge Jordan explained, *Tower Air*'s application of Federal notice pleading standards to claims for breaches of

fiduciary duty under Delaware law raises significant questions as to whether the Business Judgment Rule's stringent pleading requirement is a matter of substantive or procedural law. While Judge Jordan makes a compelling argument that Delaware courts hold the pleading requirements to be substantive (consistent with the holdings of other federal courts), the confusion created by *Tower Air* has not been addressed by any clear and definitive statement from the Delaware courts. *IT Group*, 2005 WL 3050611 at *8-9, n.10 ("I am uncomfortable changing the scope of Delaware fiduciary duty claims by weakening a substantive presumption, but, given the ruling in *Tower Air* and the lack of any Delaware authority directly stating that the *Tower Air* approach contravenes Delaware law, I must yield to the Third Circuit's interpretation.").[5]

Second, "[c]ertification is unquestionably appropriate when resolution of the particular questions of law presented will have a broad impact on state policy." *See Flat Motors*, 619 F.Supp. at 31. Delaware has made a decision to apply the Business Judgment Rule to protect directors and officers from litigation and the resultant second-guessing where the plaintiff does not plead specific facts showing

---

[5] In evaluating the need for certification, the Delaware Supreme Court's opinion in *Rales* is particularly instructive. In *Rales*, the court certified to the Delaware Supreme Court a question concerning what a plaintiff must plead to state a cause of action which the Third Circuit described as a "first cousin to a double derivative suit." *Blasband v. Rales*, 971 F.2d 1034, 1046 (3d Cir. 1992). The Delaware Supreme Court accepted certification and articulated the requirements under the "substantive law" of the State of Delaware for excusing demand in the context presented. *Rales II*, 634 A.2d at 937.

that defendants' conduct was the product of bad faith or self-dealing. *See, e.g., Lewis v. Austen*, 1999 WL 378125, at *4 (dismissing duty of loyalty claim for lack of "specific, nonconclusory factual allegations" to overcome the Business Judgment Rule). By substantially "weakening [that] substantive presumption," *IT Group*, 2005 WL 3050611 at *8, n.10, the *Tower Air* opinion effects a fundamental sea change in Delaware policy without considering how Delaware would rule on the question at bar. Certification would provide the Delaware Supreme Court with an opportunity to address this issue.

Third, there also is an important and urgent need for the Delaware Supreme Court to resolve this pleading question because the question is likely to recur. *See Flat Motors*, 619 F.Supp. at 34 ("the likely recurrence of a question of law" is a fact to consider in determining whether certification is appropriate). Every year, numerous complaints alleging breaches of fiduciary duty under Delaware law are brought in Bankruptcy Courts, District Courts and the courts of states other than Delaware. The Delaware District Court has decided four cases alone in the last two years that turn on the pleading standard to be applied in cases implicating the Business Judgment Rule. *See IT Group*, 2005 WL 3050611; *Stanziale v. Nachtomi*, 330 B.R. 56 (D. Del. 2004); *Litig. Trust of MDIP, Inc. v. Rapoport*, 2004 WL 3101575 (D. Del. Nov. 29, 2004); *Star Telecomm.*, 385 F.Supp.2d at 457 & n. 6. That the Bankruptcy Court was faced with this issue even as the *Tower Air* case was being decided demonstrates that the issue is recurring, and will likely recur in other jurisdictions as well. *Cf. Shaw v. Agri-Mark Inc*., 50 F.3d 117, 120 (2d Cir. 1995) (certifying questions to the Delaware Supreme Court where "the answers to these important questions of law will guide other courts seeking to apply Delaware law to Delaware corporations...").

Finally, the remaining requirements under Delaware Supreme Court Rule 41 are also satisfied here. Because this is a certification from a motion to dismiss, the question is purely one of law, and the facts are not in dispute. Indeed, the Bankruptcy Court explicitly held that "under Delaware law, [Plaintiffs'] amended complaint should be dismissed ...." (January 11 Opinion at 4.) Moreover, because this Court would be certifying the pleading question in conjunction with an appeal from an opinion of the Bankruptcy Court (which could not itself have sought certification under Del. S. Ct. R. 41), the certifying court has not conclusively decided the question. *See Rales II*, 634 A.2d at 931 (explaining that a certifying court decides an issue for purposes of Delaware Supreme Court Rule 41 when the court's opinion can be said to be the law of the case).

### C. *Granting Leave to Appeal Is Warranted Under 28 U.S.C. § 158(a)(3)*

An order denying a motion to dismiss is a common example of what is normally an interlocutory order. *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 648 (1st Cir. BAP 1998). In deciding whether to exercise discretion to hear an appeal of an interlocutory order under 28 U.S.C. § 158, "most courts utilize the same standards as govern the propriety of district courts' certification of interlocutory appeals to the circuit courts under [28 U.S.C.] § 1292(b)." *Bank of New England*, 218 B.R. at 652. That standard requires the Court to balance the following factors: "whether (1) the 'order involves a controlling question of law' (2) 'as to which there is substantial ground for difference of opinion,' and (3) whether 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Id.* (quoting 28 U.S.C. § 1292(b)).

All of these factors weigh heavily in favor of allowing an immediate appeal from the January 11 Opinion. The determination by the Bankruptcy Court to apply the less stringent federal pleading

requirement was unquestionably dispositive, as the Bankruptcy Court itself stated: "under Delaware law, [Plaintiffs'] amended complaint should be dismissed." (January 11 Opinion at 4.) At a minimum, Judge Jordan's analysis in footnote 10 of *IT Group* demonstrates that there is substantial ground for difference of opinion as to whether the stringent Delaware pleading standard is a matter of substantive Delaware corporate law. Finally, if the Court reverses the January 11 Opinion – based either on its own assessment of Delaware law or on the Delaware Supreme Court's guidance in response to this Court's certification of the pleading issue – this adversary proceeding will be terminated.

## IV. Conclusion

For the foregoing reasons, Defendants respectfully request the Court to enter an order granting Defendants leave to appeal from the Bankruptcy Court's Opinion Regarding Defendants' Motion to Dismiss Plaintiffs' Amended Complaint dated January 11, 2006.

Dated:   February 8, 2006 Respectfully submitted,

DAVID C. BLISS, *et. al.* RICHARD C. DRESDALE and PETER LAMM

DAVID C. BLISS, *et. al.* RICHARD C. DRESDALE, *et. al.*

By:   */s/ Daniel F. Gosch* By: /s/ James B. Frakie
    Daniel F. Gosch (P35495)     James Frakie
    Erin Gravelyn (P47967)     FOSTER SWIFT COLLINS &
    DICKINSON WRIGHT PLLC     SMITH
    200 Ottawa Avenue N.W.     1700 East Beltine, Suite 200
    Suite 900     Grand Rapids, MI  49525
    (616) 458-1300     (616) 726-2200

    Eugene J. Frett     Randall W. Bodner
    Greg Shinall     Gregory O. Kaden
    Mona Idrees     ROPES & GRAY LLP
    SPERLING & SLATER, P.C.     One International Place
    55 West Monroe Street     Boston, MA  02110-2624
    Suite 3200     Boston, MA  02110-2624
    Chicago, Illinois  60603     (617) 951-7000
    (312) 641-3200

GRAPIDS 61922-1 168484